IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVOZYMES NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1902 (JDW) (ETH) |
| | ) | |
| DANISCO US INC. and | ) | **DEMAND FOR JURY TRIAL** |
| DUPONT DE NEMOURS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Novozymes North America, Inc. (collectively "Novozymes"), by and through its undersigned attorneys, hereby commences this action for patent infringement against Defendants Danisco US Inc. ("Danisco") and DuPont de Nemours, Inc. ("DuPont") (collectively "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement of United States Patent No. 7,820,419 ("the '419 Patent") arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

## THE PARTIES

2.     Plaintiff Novozymes North America, Inc. is a New York corporation with a regular and established place of business at 77 Perry Chapel Church Road, Franklinton, North Carolina.  Novozymes North America, Inc. is an indirect subsidiary of Novozymes A/S.

3.     Novozymes North America, Inc. is the arm of Novozymes A/S that operates in the United States.  Novozymes A/S is a global biotechnology company that develops

and sells a variety of products including industrial enzymes, microorganisms, and biopharmaceutical ingredients.

4.      Novozymes is a producer of industrial enzymes.  Its biotechnology is used all over the world to save on energy, water, and raw materials in a wide range of products, including in the production of biofuels.  Novozymes is driven by innovation—over recent years, 25% or more of its sales derive from new products.[1]  Novozymes' innovative research and development includes significant work in the field of fuel ethanol production over a period of 30 years.

5.      Novozymes is a leader in research and development efforts related to improving ethanol yield and obtaining useful byproducts of fuel ethanol production, among other metrics of success for fuel ethanol plants.  Novozymes has developed and marketed over 20 enzymes or enzyme compositions useful for increasing fuel ethanol yield, including, inter alia, Fortiva Revo and Avantec AMP.

6.      Novozymes continues to devote substantial research and development resources to further improving its enzyme products and other biofuel products, as well as to further improving methods for use of its products to increase fuel ethanol plant success.

7.      Novozymes has received numerous patents in the United States and in other countries with regard to this innovative work, including the '419 Patent.  Novozymes North America, Inc. owns, by valid assignment, all rights, title and interest in the asserted '419 Patent.

8.      On information and belief, Defendant Danisco US Inc. is a Delaware corporation with its principal place of business at 925 Page Mill Road, Palo Alto, California 94304.   On information and belief, Defendant DuPont de Nemours, Inc., is a Delaware

---

[1]   *See* https://www.novozymes.com/en/news/news-archive/2018/10/science-magazine-novozymes-is-top-three-best-employer-in-the-world.

corporation with its principal place of business at 974 Centre Road, Wilmington, Delaware 19805.

9.     On information and belief, Defendant Danisco US Inc. was previously known as Genencor International, Inc. ("Genencor"). Genencor was acquired by Danisco A/S in 2005. Danisco A/S (including Genencor, now Danisco US Inc.) was in turn acquired by E.I. du Pont de Nemours and Company in 2011.

10.     On information and belief, Defendants are affiliated companies that work together in relation to fuel ethanol production, if not the same company. Defendant DuPont de Nemours, Inc., is also known as, is doing business as, or has as a reporting segment, DuPont Nutrition & Biosciences. A May 3, 2019 press release on DuPont's website[2] equates DuPont Nutrition & Biosciences and Danisco US Inc., stating that "DuPont Nutrition & Biosciences (Danisco US Inc.) announced today that it has filed a petition requesting inter partes review (IPR)" of a separate fuel ethanol production process patent owned by Novozymes. The referenced *inter partes* review is Case No. IPR2019-01010, which states that the only real party-in-interest is Danisco US, Inc.

## JURISDICTION AND VENUE

11.     This is an action arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

---

[2]     *See*  http://biosciences.dupont.com/news/dupont-nutrition-biosciences-danisco-us-inc-files-petition-for-inter-partes-review-of-us-patent.

12.     This Court has personal jurisdiction over Danisco because it is a Delaware corporation, and has purposefully availed itself of the protections of this forum by incorporating in Delaware.

13.     This Court has personal jurisdiction over DuPont because it is a Delaware corporation, and has purposefully availed itself of the protections of this forum by incorporating in Delaware.

14.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), at least because Danisco and DuPont are Delaware corporations and because Delaware is a convenient forum for resolution of the parties' disputes set forth herein.

## THE PATENT IN SUIT AND ITS FAMILY

15.     The '419 Patent," entitled "Fermentation Product Production Processes," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 26, 2010.  A true and correct copy of the '419 Patent is attached hereto as Exhibit A.

16.     The '419 Patent issued from United States Patent Application No. 11/814,304 ("the '419 Application"), which was filed with the USPTO on February 7, 2006, and published on June 12, 2008.  The disclosure of the '419 Patent was published as PCT Publication No. WO2006/086792 ("the '419 PCT Publication") on August 17, 2006.  The '419 Patent application shares the same specification as the '419 Patent and claims priority to U.S. Provisional Application No. 60/651,001 ("the '419 Provisional Application"), which was filed on February 8, 2005.

17.     The claims of the '419 Patent are generally directed to the use of certain enzymes in a process to produce ethanol from starch-containing materials that can be used as a

biofuel.  In particular, the '419 Patent is directed to use of, *inter alia*, a protease prior to initiating the saccharification step of ethanol production.

## DEFENDANTS' ACTIVITIES INDUCING INFRINGEMENT

18.    On information and belief, Defendants make, use, market, distribute, offer for sale and sell proteases for use in liquefaction prior to the saccharification step of ethanol production, including a protease known as "OPTIMASH® DCO+" with instructions on how that protease is to be used.

19.    On June 10, 2019, DuPont issued a press release announcing that "DuPont launche[d] OPTIMASH® DCO+ at [the] 2019 International Fuel Ethanol Workshop & Expo." *See* Exhibit B, "OPTIMASH® DCO+ Press Release."  The press release offers a "thermostable protease" known as OPTIMASH® DCO+ and explains how it is used.  *Id.* at 1.

20.    The OPTIMASH® DCO+ Press Release indicates that OPTIMASH® DCO+ is for use by producers of ethanol.  It explains that "OPTIMASH® DCO+ provides a flexible solution for ethanol producers," and that it is used "in dry grind ethanol plants."  *Id.*  The OPTIMASH® DCO+ Press Release further notes that OPTIMASH® DCO+ is a product "for the ethanol industry," and it was launched at the 2019 International Fuel Ethanol Workshop.  *Id.*

21.    The OPTIMASH® DCO+ Press Release states that "OPTIMASH® DCO+ is a . . . thermostable protease dosed into liquefaction . . . ."  *Id.*  "OPTIMASH® DCO+ is a part of the XCELIS™ Ethanol Solutions platform by DuPont," but OPTIMASH® DCO+ is "a stand-alone product" for use by "ethanol producers . . . without having to change their alpha amylase."  *Id.*

22.     On information and belief, Defendants have marketed, distributed, offered for sale and/or sold OPTIMASH® DCO+ to various producers of ethanol such as "dry grind ethanol plants" and "ethanol producers" in the "ethanol industry."  *Id.*

23.     On information and belief, the biofuel producers to whom Defendants sell their proteases, directly infringe the '419 Patent's claimed methods by using Defendants' proteases to produce ethanol biofuel as directed by Defendants.

24.     On information and belief, Defendants' marketing of its proteases for the biofuel industry such as OPTIMASH® DCO+ instructs and encourages the use of proteases in the practice of the methods claimed in the '419 Patent.

## **DEFENDANTS' AWARENESS OF NOVOZYMES' PATENTS**

25.     On information and belief, Defendants were made aware of the disclosure of the '419 Patent when it was reported to them in International Search Reports ("ISR") during the prosecution of three of their own later-filed patent applications.  On December 20, 2013, an ISR citing to the '419 PCT Publication was mailed to Danisco in the prosecution of its WO 2014/058572 application.  On January 26, 2015, an ISR citing to the '419 PCT Publication was mailed to Danisco in the prosecution of its WO 2015/066669 application.  On March 17, 2015, an ISR citing to the '419 PCT Publication was mailed to Danisco in the prosecution of its WO 2015/094714 application.

26.     On information and belief, after the '419 PCT Application published on August 17, 2006, Defendants and their affiliated companies have performed experiments that are covered by the claims of the '419 Patent (and the '419 PCT Publication) and have published the results of those experiments in their own later-filed patent applications.  Application number WO 2018/118815 ("the '815 Application") was filed on December 18, 2017, and lists as

applicants DuPont Nutrition Biosciences Aps and E.I. du Pont de Nemours & Company.  The
'815 Application describes experiments that the applicants conducted entitled "Evaluation of
ME-3 Protease in Starch Liquefaction and Simultaneous Saccharification and Fermentation"
(Example 7) and "Further Evaluation of ME-3 Protease as a Liquefaction Protease"
(Example 14).  Application number WO 2018/169780 ("the '780 Application") was filed on
March 9, 2018, and lists as applicants DuPont Nutrition Biosciences Aps and E.I. du Pont de
Nemours & Company.  The '780 Application describes experiments the applicants conducted
entitled "Evaluation of TnaPro1 Protease in Starch Liquefaction" (Example 11) and "Evaluation
of TnaPro1Protease as a Liquefaction Protease" (Example 12).  The '815 Application and the
'780 Application each describe use of a protease in the liquefaction step of an ethanol production
process, i.e., the claimed subject matter Defendants and their affiliated companies were made
aware of in at least the '419 PCT Publication.

    27. On information and belief, Defendants have been familiar with and knew
of Novozymes' technology, patent portfolio and patent practices, at least because Defendant and
Novozymes are competitors in the biofuel industry and have litigated numerous patent cases
against each other.  *See, e.g.*, *Novozymes A/S v. DuPont Nutrition Biosciences*, 13-1325 (Fed.
Cir.) (Apr. 16, 2013); *Danisco US Inc. v. Novozymes A/S*, 13-1214 (Fed. Cir.) (Feb. 21, 2013);
*Danisco US, Inc. v. Novozymes A/S et al.*, 3-12-cv-04502 (N.D. Cal.) (Aug. 27, 2012); *Danisco
US Inc. v. Novozymes A/S et al.*, 1-12-cv-00085 (N.D. Iowa) (Aug. 27, 2012); *Novozymes A/S v.
Dupont Nutrition Biosciences*, 12-1433 (Fed. Cir.) (Jun. 04, 2012); *Novozymes A/S, et al. v.
Danisco A/S, et al.*, 3-10-cv-00251 (W.D. Wis.) (May 11, 2010); *Danisco A/S et al. v.
Novozymes A/S et al.*, 1-05-cv-01972 (S.D.N.Y.) (Feb. 09, 2005).

28.     On information and belief, Defendants were made aware of the '419 Patent at least as of June 12, 2018, when Novozymes' personnel described the invention of the '419 Patent during a presentation at the International Fuel Ethanol Workshop in Indianapolis, Indiana.    Novozymes' personnel presented slides referring to "Novozymes' proprietary liquefaction process that unlocks yeast nutrition," "[the] [f]irst protease available for use in liquefaction," and "US patent # 7,820,419."   Exhibit C at 4.   Novozymes' presentation invited attendees to "[p]lease join [personnel] in the Novozymes booth #1020 today from 5:30 – 6:00 . . . ."   *Id.* at 17.   On information and belief, representatives from Defendants were in attendance at the 2018 International Fuel Ethanol Workshop to make presentations and view others' presentations.   Exhibit D at 2, 7, 9.

29.     On information and belief, and prior to the filing of this Complaint, Defendants have been familiar with and knew of Novozymes' patent portfolio related to the use of enzymes in ethanol production, including the disclosures of the '419 Patent and the '419 PCT Publication.

## COUNT 1 – INDUCED INFRINGEMENT
## OF THE '419 PATENT UNDER 35 U.S.C. § 271(b)

30.     Novozymes repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

31.     On information and belief, and at least since the date of the service of this Complaint, Defendants knew that their conduct related to the distribution and sale of proteases, including OPTIMASH® DCO+, to ethanol biofuel-producing customers has induced and will continue to induce those customers' direct infringement of the claims of at least the '419 Patent.

32.     On information and belief, Defendants knew of the '419 Patent and intended that their biofuel customers would infringe the claims of the '419 Patent.

8

33.     On information and belief, the ethanol production process used by Defendants' biofuel customers according to Defendants' instructions satisfies each and every element of one or more claims of the '419 Patent, for example, and without limitation, at least claims 1 and 4.

34.     Claim 1 of the '419 Patent recites:

A process for producing an alcohol from starch-containing material, comprising

    (a) liquefying said starch-containing material with an alpha-amylase;

    (b) treating the liquefied mash from step (a) with a protease before initiating step (c);

    (c) saccharifying in the presence of a carbohydrate-source generating enzyme;

    (d) fermenting in the presence of a fermenting organism to produce the alcohol.

35.     Claim 4 of the '419 Patent recites:

The process of claim 1, wherein the alcohol is ethanol.

36.     On information and belief, Defendants have induced and continue to induce their biofuel customers to use Defendants' protease to practice the steps of claims 1 and 4, through at least representations in Defendants' sales and marketing efforts associated with sales of OPTIMASH® DCO+ to biofuel customers.  *See* OPTIMASH® DCO+ Press Release at 1.

37.     On information and belief, Defendants' biofuel customers have used and will continue to use OPTIMASH® DCO+ in accordance with Defendants' instructions as explained in ¶¶ 19-21 above.  On information and belief, Defendants induce their biofuel

customers to use OPTIMASH® DCO+ in a manner that infringes at least claims 1 and 4 of the '419 Patent as described below.

38.     To the extent the preamble is considered a limitation, on information and belief, Defendants' inducement of its biofuel customers to use OPTIMASH® DCO+ satisfies the preamble of claim 1 of the '419 Patent:  "A process for producing an alcohol from starch-containing material."  On information and belief, use of OPTIMASH® DCO+ "helps" "ethanol producers" "to liberate corn oil from the protein and fiber matrix of the corn kernel."  OPTIMASH® DCO+ Press Release at 1.  A corn kernel is a starch-containing material and ethanol is an alcohol.

39.     On information and belief, Defendants' inducement of its biofuel customers to use OPTIMASH® DCO+ satisfies the following limitation of claim 1 of the '419 Patent:  "(a) liquefying said starch-containing material with an alpha-amylase."  On information and belief, "OPTIMASH® DCO+ is a . . . thermostable protease dosed into liquefaction . . . ."  OPTIMASH® DCO+ Press Release at 1.  Defendants instruct that OPTIMASH® DCO+ is to be used with an alpha-amylase because "ethanol producers can precisely dose OPTIMASH® DCO+ without having to change their alpha amylase."  *Id.*  On information and belief, use of an alpha-amylase liquefies a starch-containing material such as a "corn kernel" when used with OPTIMASH® DCO+.  *Id.*

40.     On information and belief, Defendants' inducement of its biofuel customers to use OPTIMASH® DCO+ satisfies the following limitation of claim 1 of the '419 Patent:  "(b) treating the liquefied mash from step (a) with a protease before initiating step (c)."  On information and belief, "OPTIMASH® DCO+ is a . . . thermostable protease dosed into

liquefaction . . . ."  OPTIMASH® DCO+ Press Release at 1.  On information and belief, use of a protease dosed in liquefaction treats the liquefied mash described in ¶ 19 above.  *Id.*

41.    On information and belief, Defendants' inducement of its biofuel customers to use OPTIMASH® DCO+ satisfies the following limitations of claim 1 of the '419 Patent:   "(c) saccharifying in the presence of a carbohydrate-source generating enzyme; (d) fermenting in the presence of a fermenting organism to produce the alcohol."  On information and belief, Defendants' biofuel customers use saccharification and fermentation, either sequentially or simultaneously, to produce ethanol.

42.     On information and belief, Defendants' inducement of its biofuel customers to use OPTIMASH® DCO+ satisfies the following additional limitation of claim 4 of the '419 Patent:  "The process of claim 1, wherein the alcohol is ethanol."  On information and belief, OPTIMASH® DCO+ is for use by "ethanol producers" and "is a part of the XCELIS™ Ethanol Solutions platform."  OPTIMASH® DCO+ Press Release at 1.  On information and belief, ethanol producers use the method described above in ¶¶ 38-41 to produce ethanol.

43.    On information and belief, Defendants have known that their actions would lead to direct infringement of the '419 Patent by their biofuel customers.

44.    On information and belief, prior to the service of the Complaint in this action on October 8, 2019, Defendants knew of the '419 Patent or were willfully blind to its existence.

### COUNT 2 – WILLFUL INFRINGEMENT OF THE '419 PATENT UNDER 35 U.S.C. § 284

45.    Novozymes repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

46.     On information and belief, Defendants knew of the '419 Patent since prior to the filing of this Complaint for at least the reasons set forth above in ¶¶ 25-29, or were willfully blind to its existence.

47.     On October 8, 2019, Defendants were served with the Complaint in this action to which a copy of the '419 Patent was attached.

48.     On information and belief, for at least the reasons set forth above in ¶¶ 18-44, Defendants have induced and continue to induce infringement of the '419 Patent.

49.     On information and belief, since having knowledge of the '419 Patent, Defendants knew or should have known that their conduct related to the distribution and sale of proteases, including OPTIMASH® DCO+, to ethanol biofuel-producing customers as described in ¶¶ 18-24 and ¶¶ 30-44 constituted an unjustifiably high risk of infringing, and actually resulted in direct and induced infringement of, the '419 Patent.

50.     On information and belief, Defendants' infringement of the '419 Patent has been and continues to be willful and intentional.

51.     Defendants' willful infringement entitles Novozymes to enhanced damages pursuant to 35 U.S.C. § 284.

52.     This is an exceptional case entitling Novozymes to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285 for at least the reasons set forth in ¶¶ 18-51.

## PRAYER FOR RELIEF

WHEREFORE, Novozymes requests that the Court enter judgment in its favor and against Defendants as follows:

A.   A judgment that Defendants have induced infringement of at least one claim of the '419 Patent;

B.   A judgment that the claims of the '419 Patent are valid and enforceable;

C.   An award to Novozymes of damages adequate to compensate it for Defendants' past infringement and any continuing or future infringement, including at minimum reasonable royalties, together with interest, costs, expenses, and disbursements as justified under 35 U.S.C. § 284;

D.   An award to Novozymes of all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of compensatory damages found;

E.   Enjoining Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation or privity with Defendants who receive notice of the injunction, from continuing acts of infringement of the '419 Patent;

F.   Finding that this is an exceptional case and awarding to Novozymes its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

G.   Such other and further relief in law or equity as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Novozymes demands a trial by jury on all claims and issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Sona De
Todd M. Simpson
Timothy Q. Li
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
(212) 839-5300

Paul J. Zegger
Lauren Cranford Katzeff
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC  20005
(202) 736-8711

May 28, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 28, 2020, upon the following in the manner indicated:

David E. Moore                                                              *VIA ELECTRONIC MAIL*
Bindu A. Palapura
Tracey E. Timlin
POTTER ANDERSON &CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
*Attorneys for Defendants*

Michael J. Flibbert                                                        *VIA ELECTRONIC MAIL*
Jennifer H. Roscetti
Charles T. Collins-Chase
Pier D. DeRoo
FINNEGAN, HENDERSON, FARABOW,
GARRETT &DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC  20001
*Attorneys for Defendants*

                                        */s/ Rodger D. Smith II*
                                        _____
                                        Rodger D. Smith II (#3778)